UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

D.J. XXX-XX-5028

CIVIL ACTION NO. 19-cv-1045

VERSUS

CHIEF JUDGE HICKS

U.S. COMMISSIONER OF SOCIAL SECURITY

MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

D.J. ("Plaintiff") was born in 1972, has a high school education, and worked as a janitor in an office building until he was hospitalized April 12 through May 19, 2017 in connection with a right leg rash and skin ulcer. He was placed on IV antibiotics for the leg wound, but the drugs caused his kidney function to decline and require treatment that included dialysis. During the hospitalization, Plaintiff was newly diagnosed with HIV and AIDS. He was released from the hospital after a few weeks and received no more than conservative treatment, primarily monitoring of his leg and adjustment of HIV medications, over the next year.

Plaintiff was terminated from his job while he was hospitalized, and he promptly filed an application for disability benefits and supplemental security income. ALJ John Antonowicz held a hearing and issued a detailed written decision that found Plaintiff was not disabled within the meaning of the law. The Appeals Council denied a request for review, which made the ALJ's decision the Commissioner's final decision on the claim. Plaintiff then filed this civil action to seek the limited judicial review that is allowed by 42

U.S.C. § 405(g). For the reasons that follow, it is recommended that the Commissioner's decision be affirmed.

**Summary of the Commissioner's Decision**

The Social Security Act defines disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. The regulations set forth a five-step sequential analysis, on which the claimant bears the burden of proof on the first four steps, but the Commissioner bears the burden on the fifth step. The steps are (1) whether the claimant is presently performing substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity. Salmond v. Berryhill, 892 F.3d 812, 817 (5th Cir. 2018); Perez v. Barnhart, 415 F.3d 457, 461 (5th Cir. 2005).

The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of April 12, 2017. At step two, he found that Plaintiff suffered from chronic wound infection in the right lower extremity with edema, kidney disease, HIV, and hypertension, impairments that are severe within the meaning of the regulations. He considered Plaintiff's complaints of depression and post-traumatic stress disorder ("PTSD") but found that they were not severe because they did not cause more than minimal limitation in Plaintiff's ability to perform basic mental work activities. At step three, the ALJ found that none of the severe impairments were so limiting as to meet

or equal a listed impairment that would require a finding of disability without consideration of age, education, or work experience.

After step three, the ALJ must assess a claimant's residual functional capacity ("RFC"), which is the most the claimant can still do despite his limitations. Kneeland v. Berryhill, 850 F.3d 749, 754 (5th Cir. 2017). The claimant's RFC is used at steps four and five to determine if the claimant can still do his past relevant work or adjust to other jobs.

The ALJ found that Plaintiff had the RFC to perform sedentary work, meaning he could lift and carry up to ten pounds occasionally and lesser amounts frequently, sit for six hours in an eight-hour workday, and stand and walk for at least two hours in an eight-hour workday. The ALJ found that Plaintiff's ability to perform sedentary work was, however, further restricted by the ability to only occasionally stoop, crouch, crawl, and kneel, and Plaintiff cannot climb ladders, ropes, or scaffolds, but he can occasionally climb stairs and ramps. He cannot balance on narrow or moving surfaces, but he can balance occasionally on level surfaces. He cannot work in proximity to unprotected heights or dangerous moving machinery. He can use foot controls frequently with his left leg, but he cannot operate foot controls with his right leg.

Plaintiff's past work as a janitor was medium level, so the ALJ found at step four that his RFC did not permit him to perform the demands of his past relevant work. Step five asks whether the claimant, considering his age, education, work experience, and RFC, can perform the demands of other jobs that exist in significant numbers in the economy. A vocational expert testified that a person with Plaintiff's RFC and other factors could perform the demands of an addressing clerk, a telephone order clerk, or a credit card callout

operator. The ALJ accepted that testimony and found at step five that Plaintiff was not disabled within the meaning of the law.

The Appeals Council denied Plaintiff's request for review. The ALJ's decision thus became the Commissioner's final and official decision. Masterson v. Barnhart, 309 F.3d 267, 271 (5th Cir. 2002). Plaintiff then filed this appeal.

**Standard of Review; Substantial Evidence**

This court's review of the Commissioner's decision is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard. Perez v. Barnhart, 415 F.3d 457, 461 (5th Cir. 2005). "Substantial evidence is more than a scintilla and less than a preponderance." Masterson v. Barnhart, 309 F.3d 267, 272 (5th Cir. 2002). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Greenspan v. Shalala, 38 F.3d 232, 236 (5th Cir. 1994). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Dr. Matthew Frank**

Plaintiff, who is self-represented, lists four errors in his memorandum (Doc. 12). The first complains that "substantial weight was given to Dr. Frank Matthews (sic), a physician of internal medicine at Willis Knighton North." Dr. Matthew Frank was Plaintiff's attending physician when he was hospitalized at Willis-Knighton Hospital from April 12, 2017 through May 19, 2017.

Page 4 of 10

The ALJ discussed Plaintiff's hospitalization and the care that he received. Tr. 28, 32. The ALJ also discussed opinion evidence from a psychiatrist, a medical expert, and state agency medical consultant (Tr. 32-33), but he did not discuss any opinion from Dr. Frank. The ALJ's decision does not appear to discuss any particular limitations or lack of limitations that are attributed to any statement by Dr. Frank. Accordingly, the ALJ did not commit any error with respect to the weight afforded any opinion of Dr. Frank.

Plaintiff's argument of this error complains that Dr. Frank allegedly neglected and delayed Plaintiff's HIV treatment while he received treatment for his skin rash and other problems. The record shows that another physician, Dr. Brunet-Rodriguez, was responsible for addressing the newly diagnosed HIV status. He reviewed lab results and concluded that there was no need for antiviral medications at that time; there was a need to perform a broad workup prior to initiation of any HIV medications. Tr. 379-81. Plaintiff was later given medication to address his HIV, suffered side effects, the medication was adjusted, and afterward he showed good improvement. Any dissatisfaction with the care Plaintiff received from his physicians is not grounds for relief with respect to this disability claim.

**Dr. John Anigbogu**

Plaintiff next complains that "substantial weight was given to a medical expert, who provided his opinion on my condition, but he failed to exam me." The ALJ asked medical expert John Anigbogu, M.D., to review Plaintiff's medical evidence and offer an opinion addressing Plaintiff's functional abilities. Tr. 459. Dr. Anigbogu opined that Plaintiff could lift and carry up to 20 pounds frequently, stand and walk for three hours in a workday,

and sit for six hours per workday. He found that Plaintiff's use of a cane was not medically necessary, but he found that Plaintiff did have limitations in climbing and stooping, and he should never kneel or crawl. Tr. 475-78. The ALJ found most portions of the physician's opinion consistent with the evidence of record and persuasive. But he found that the suggested limitation on kneeling and crawling was not supported by evidence so was only minimally persuasive. Tr. 33.

Plaintiff applied for benefits on May 23, 2017. Tr. 174, 178. New regulations took effect for applications filed on or after March 27, 2017 regarding how the adjudicator considers medical opinions. The revised regulations specify five categories of evidence: (1) objective medical evidence, (2) medical opinion, (3) other medical evidence, (4) evidence from non-medical sources, and (5) prior administrative medical findings. 20 C.F.R. § 404.1513(a). The new rules provide, in Section 404.1520c(a), that the agency "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources." When a source provides a medical opinion, the regulation provides that it will be considered using factors such as supportability, consistency, relationship with the claimant, specialization, and the source's familiarity with the other evidence or the disability program's policies and evidentiary requirements. Id.

The ALJ referred to the new standard and made a reasonable and fair assessment of the medical expert's opinion. There was no pretense that the expert actually examined Plaintiff. The record makes clear that the opinion was rendered based on a review of medical records only, which is allowed by the regulations. The regulations provide that

one factor in consideration of a medical opinion is the source's relationship with the claimant, which includes consideration that, "A medical source may have a better understanding of your impairment(s) if he or she examines you than if the medical source only reviews evidence in your folder." 20 C.F.R. § 404.1520c(c)(3)(v). Rather than affording substantial weight to the opinion as suggested by Plaintiff, the ALJ actually discounted it in one respect and eventually determined that Plaintiff had an RFC for a limited range of sedentary work that was in some respects more limited than what was described by Dr. Anigbogu. Plaintiff has not demonstrated that he is entitled to relief with respect to this argument.

**Dr. Corine Bowman**

Plaintiff next argues that "insufficient weight was given to Dr. Corine H. Bowman, my primary care physician of two years." Dr. Bowman saw Plaintiff eight times between May 2017 and April 2018. She monitored his right leg wound progress, adjusted Plaintiff's HIV medications to avoid side effects, and prescribed a hypertension medication. At Plaintiff's last appointment, Dr. Bowman found that his leg wound was "much improved" and recommended continuing his current wound care. Tr. 453.

Plaintiff does not point to any findings or opinions from Dr. Bowman, regarding limitations or restrictions on Plaintiff's ability to perform work activities, that the ALJ should have afforded more consideration when assessing his RFC. Dr. Bowman's treatment records show that Plaintiff's kidney function returned to normal after his time in the hospital. His HIV medications were adjusted to avoid side effects, and his leg wound

had closed after a year of care. There is no basis for an error in the ALJ's decision with respect to any opinion or findings from Dr. Bowman.

**Sexual Assault**

The ALJ discussed whether Plaintiff's complaints of depression and PTSD were severe impairments within the meaning of the regulations. His decision noted that records "indicated a diagnosis of PTSD related to a remote assault." Tr. 28. Plaintiff apparently takes issue with the description of the sexual assault as "remote." The event happened in 2009, and Plaintiff reported after his 2017 diagnosis of HIV that he experienced flashbacks. The court does not read the ALJ's use of the term "remote" to diminish in any way the seriousness of the assault. The word was merely used to indicate in clinical terms that the assault was not recent, but an event that had happened in the past (eight years earlier). There is no basis to overturn the Commissioner's decision based on that description.

**November 2018 Lab Report**

After Plaintiff filed his memorandum, he submitted another filing (Doc. 13) that mentioned a November 19, 2018 lab report. Plaintiff argued that the report showed that his CD4 count, which indicates the robustness of the immune system, "was well below the healthy CD4 range." In the agency proceedings, Plaintiff submitted the lab report to the Appeals Council and made a written request they consider it. Tr. 16.

The report reflects an absolute CD4 level of 325, which is well above the level required by the listings to deem a claimant disabled. Listing 14.11 addresses HIV. Section F is triggered by an absolute CD4 count of 50 or less, and Section (G) is triggered by an absolute CD4 count of less than 200 if one of several listed factors is also met. The Appeals

Council stated that it considered the report, as well as other additional evidence submitted by Plaintiff and found that it "does not show a reasonable probability that it would change the outcome of the decision." Tr. 1-2. The Appeals Council's decision appears to be correct in this respect. There was certainly substantial evidence to support it, which is all that is required on judicial review. Higginbotham v. Barnhart, 405 F.3d 332 (5th Cir. 2005) (district court considers evidence first submitted to Appeals Council in assessing whether substantial evidence supports Commissioner's final decision).

**Conclusion**

Plaintiff obviously suffers from serious health problems and limitations. The ALJ issued a thorough written decision that discussed his medical history and limitations in detail. The ALJ gave a thoughtful and well-explained assessment of the opinion evidence of record, assessed the credibility of Plaintiff's claims in a reasonable fashion, and determined that Plaintiff does suffer from serious limitations that allow him to perform only a limited range of sedentary work. Despite those limitations, Plaintiff was not considered disabled within the meaning of the demanding regulations. Plaintiff is understandably dissatisfied with the result, but the decision appears to have been a reasonable one under the applicable law that is supported by substantial evidence. The court must affirm the Commissioner's decision in these circumstances.

Accordingly,

It is recommended that the Commissioner's decision be affirmed.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 23rd day of July, 2020.

Mark L. Hornsby
U.S. Magistrate Judge